UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TIFFANY THORNE, | : | |
| | : | |
| *Plaintiff*, | : | CASE NO. _____ |
| | : | |
| v. | : | **NOTICE OF REMOVAL** |
| | : | Removed from: |
| CHARTER COMMUNICATIONS, LLC d/b/a SPECTRUM AND HIRERIGHT, LLC, | : | Supreme Court of the State of New York, Erie County, Index No. 808628/2024 |
| | : | |
| *Defendants.* | : | |

**TO:** Clerk of the U.S. District Court for the Western District of New York:

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant HireRight, LLC removes the above-styled action pending in the Supreme Court of the State of New York, County of Erie to the United States District Court for the Western District of New York on the basis of federal question jurisdiction. In support of removal, HireRight states as follows:

**INTRODUCTION**

1. On June 14, 2024, Plaintiff Tiffany Thorne ("Plaintiff") filed a Complaint in the Supreme Court of New York, County of Erie, entitled *Tiffany Thorne v. Charter Communications, LLC d/b/a Spectrum and HireRight, LLC*, Index No. 808628/2024 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit A**.

2.     Plaintiff asserts claims against Charter Communications, LLC d/b/a Spectrum ("Charter") and HireRight involving alleged violations of the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the New York Fair Credit and Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380, *et seq.* Plaintiff alleges that in August 2023, she was denied employment with Charter based on an inaccurate background report HireRight provided to Charter. *See* Ex. A ¶¶ 3–4, 24–39.

3.     Plaintiff filed an Affidavit of Service on Charter on July 1, 2024, affirming that service was effectuated on Charter on June 27, 2024.

4.     Plaintiff also served HireRight with a copy of the Complaint on June 27, 2024. *See* Ex. A.

5.     Plaintiff voluntarily dismissed her claims against Charter via Notice of Discontinuance on July 2, 2024. A copy of the Notice of Discontinuance is attached hereto as **Exhibit B**.

## BASIS FOR REMOVAL

**I.     Removal is proper because this Court has federal question jurisdiction under 28 U.S.C. § 1331.**

6.     Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. 28 U.S.C. § 1441(b) (courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

7.     Here, Plaintiff's Complaint alleges HireRight violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

8. The FCRA is a federal statute. The operative trigger for whether a claim can be brought for violation of a federal statute is whether the statute contains a private right of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986). Congress created an express private right of action in the FCRA for consumers to enforce the Act's provisions. 15 U.S.C. §§ 1681n, 1681o. Additionally, the FCRA specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]." 15 U.S.C. § 1681p.

9. Accordingly, Plaintiff's FCRA claims are within the Court's federal question jurisdiction. 28 U.S.C. § 1331. Under 28 U.S.C. § 1441(b), an action within the Court's federal question jurisdiction is removable without regard to the parties' citizenship or residence.

10. Premised on the federal question jurisdiction over the claims asserted against HireRight addressed above, this Court also has supplemental jurisdiction over Plaintiff's alleged state law claims asserted against HireRight ("State Law Claims") under 28 U.S.C. § 1367(a).

11. Plaintiff's State Law Claims arise out of her potential employment with Charter based on a background report HireRight prepared. The discovery, witnesses, and documents necessary for the prosecution and defense of her State Law Claims will likely be identical to her proposed FCRA claims.

12. Accordingly, they form part of the same case or controversy under Article III of the United States Constitution, and the Court can consider them with Plaintiff's federal claims. 28 U.S.C. § 1367(a).

13. In addition, supplemental jurisdiction should not be declined because Plaintiff's State Law Claims do not raise any "novel or complex" state law issues, they do not "substantially predominate" over her FCRA claims, and there are no other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

14. By signing below, counsel for HireRight consents to this removal in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

## II. HireRight has satisfied the procedural requirements for removal.

### A. Removal is timely.

15. HireRight received a copy of the Complaint on June 27, 2024 by personal service. *See* Ex. A.

16. The filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days of HireRight's receipt of service of the Complaint.

### B. This Court is the appropriate venue.

17. Because the Supreme Court of New York, County of Erie, lies within the Western District of New York, this Court is the appropriate venue for removal. 28 U.S.C. §§ 112(d), 1441(a), 1446(a).

### C. HireRight will give Notice of Removal to the State Court and Plaintiff.

18. Per Local Rule 81(a)(1), a completed civil cover sheet is attached as **Exhibit C**.

19. Per Local Rule 81(a)(3), an index of all documents filed in the State Court Action is attached as **Exhibit D**, and separately tabbed copies of all documents and proceedings to date in the State Court Action are attached hereto as **Exhibits A–B**.

20. Per 28 U.S.C. § 1446(d), HireRight will file the Notice of Filing of Notice of Removal, attached as **Exhibit E**, in the State Court Action, and serve a copy of the Notice on Plaintiff, the only other party in this action.

## Reservation of Rights

21. HireRight denies Plaintiff's allegations.

22. HireRight reserves all defenses, objections, and exceptions to Plaintiff's claims.

WHEREFORE, for all the foregoing reasons, removal of this action to this Court is proper pursuant to the provisions of 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446.

Dated: July 26, 2024  
New York, NY

Respectfully submitted,

*/s/ Timothy Semenoro*
Timothy Semenoro
MONTGOMERY McCRACKEN WALKER &
RHOADS, LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
212-551-7793
tsemenoro@mmwr.com

John G. Papianou (*pro hac vice* application forthcoming)
MONTGOMERY McCRACKEN WALKER &
RHOADS, LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
215-772-7389
jpapianou@mmwr.com

Deanna Olivero (*pro hac vice* application forthcoming)
MONTGOMERY McCRACKEN WALKER &
RHOADS, LLP
LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
856-488-7751
dolivero@mmwr.com

*Attorneys for Defendant HireRight, LLC*

## LOCAL RULE 81(a)(4) CERTIFICATION

I hereby certify that on July 26, 2024, I caused a true and correct copy of the foregoing Notice of Removal and its exhibits filed with this Court to be served by email and overnight delivery via FedEx to the counsel listed below:

>Nicola Richards, Esq.
>Craig Sanders, Esq.
>Alain Cesar, Esq.
>Sanders Law Group
>333 Earle Ovington Boulevard
>Uniondale, NY 11553
>nrichards@sanderslaw.group
>csanders@sanderslaw.group
>acesar@sanderslaw.group
>
>*Attorneys for Plaintiff Tiffany Thorne*

Dated: July 26, 2024
New York, NY

*/s/ Timothy Semenoro*
Timothy Semenoro
MONTGOMERY McCRACKEN
WALKER & RHOADS, LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
212-551-7793
tsemenoro@mmwr.com