# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| Tiffany Thorne, | Index No.: |
| | Date Purchased: |
| Plaintiff, | **SUMMONS** |
| v. | **Basis of Venue:** |
| Charter Communications, LLC d/b/a Spectrum and HireRight, LLC, | **CPLR §509:** Venue designated by Plaintiff. **CPLR §503(a):** Plaintiff's principal place of residence |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
June 14, 2024

**Defendants Addresses:**

Charter Communications, LLC d/b/a
Spectrum
12405 Powerscourt Drive, Legal Dept St.
Saint Louis, Missouri 63131

HireRight, LLC
100 Centerview Dr., Ste 300
Nashville, Tennessee 37214

**SANDERS LAW GROUP**

By: /s Nicola C. Richards
Nicola C. Richards, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: nrichards@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7614
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 129834

1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**

| | |
|---|---|
| Tiffany Thorne,<br><br>       Plaintiff,<br><br>    v.<br><br>Charter Communications, LLC d/b/a Spectrum and HireRight, LLC,<br><br>       Defendants. | Index No:<br><br>**COMPLAINT** |

  Plaintiff Tiffany Thorne ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Charter Communications, LLC d/b/a Spectrum ("*Charter*") and HireRight, LLC. ("*HireRight*" or "*CRA Defendant*") (Charter and CRA Defendant may be referred to as "*Defendants*") as follows:

## INTRODUCTION

  1.  This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq*. and violations of the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq*. ("*NY FCRA*").

  2.  This action seeks relief against CRA Defendant for reporting inaccurate and/or misleading information on Plaintiff's consumer report in violation of § 1681e(b).

  3.  This action seeks relief against Charter for denying Plaintiff employment in reliance on information contained in the consumer background report without first providing her with (a) a pre-adverse action disclosure which includes a copy of her consumer report and a description in writing of her rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy or completeness of the reported information in violation of 15 U.S.C. § 1681b(b)(3).

  4.  This action also seeks relief against CRA Defendant for reporting inaccurate and/or misleading information on Plaintiff's consumer report in violation of New York Credit Reporting Act, NY CLS General Business Law Section 380 at seq ("*NY FCRA*").

  5.  Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys'

fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6.  As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: lost salary and benefits; loss of health insurance coverage; loss of bonus; anxiety; emotional distress; increased debts; humiliation; depression; loss of enjoyment of life; embarrassment; extensive time spent rectifying her background report; increased debts; frustration and mental anguish; unable to continue to pay monthly bills; dissemination of this inaccurate reporting to multiple third party employers and creditors; adverse employment action; cost in time and expense in rectifying this inaccuracy; out of pocket cost in time and money seeking new employment.

7.  Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and NY FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over the action pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("*CPLR*") in that Defendants conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York

9.  Venue is appropriate in County pursuant to CPLR § 503(a) because Plaintiff resides within such County and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

## PARTIES

10. Plaintiff Tiffany Thorne is an adult who is a citizen of the State of New York residing in Erie County, New York.

11. Plaintiff is a "*consumer*" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 308-a(b).

12. Defendant Charter is a limited liability company d/b/a as Spectrum located in Missouri with a principal place of business at 12405 Powerscourt Drive, Legal Dept, St. Louis, Missouri 63131.

13. Defendant Charter is a private corporation with at least one employee and is a "*person*" as that term is defined by 15 U.S.C. § 1681a(b) and NY FCRA § 380-a(b).

14. Defendant Charter uses consumer reports and investigative reports for employment purposes.

15. Defendant HireRight is a Delaware corporation, with a principal place of business in Tennessee located at 100 Centerview Drive, Suite 300, Nashville, TN 37214.

16. Defendant HireRight is a consumer reporting agency ("CRA") as defined under 15 U.S.C. 1681a(f) and NY FCRA § 308-A(e) that regularly conducts business in this judicial district.

17. Defendant HireRight by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

18. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

19. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard.

20. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions

involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

21. The FCRA gives consumers the right to obtain copies of their consumer reports because Congress deemed that it is critical that consumers are aware that if an employer intends to procure a report or has already procured a report and plans to take adverse action based on the report's contents, that the consumer can review the report to ensure it does not contain any errors. These disclosure requirements under the FCRA are particularly important to the consumer because consumers need to know when and how they are going to be evaluated for employment based on a consumer report.

22. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the consumer information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

23. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

24. On or around August 2023, Plaintiff applied for employment with Charter as a Customer Service Technical Representative.

25. After submitting her application, Plaintiff was invited for a telephonic and in-person interview and was offered the position, in which plaintiff verbally accepted.

26. On August 17, 2023, Charter emailed Plaintiff directly and reaffirmed Plaintiff's position as a Customer Service Technical Representative at Charter via email.

27. To commence employment, Plaintiff was informed that a background record of her criminal history would be obtained prior to the start of her employment.

28. On September 12, 2023, Plaintiff received an email from Charter informing her that the offer had been withdrawn due to the criminal background check (the "*Adverse Decision*").

29. Plaintiff was unsure and left to speculate whether the information obtained on the background report was inaccurate.

30. Upon review of her background report, Plaintiff discovered that HireRight had reported that Plaintiff had an ACTIVE WARRANT pending on her background report.

31. As Plaintiff does not have any active warrants, the background report furnished by

HireRight was inaccurate and materially misleading.

32. Upon information and belief, HireRight failed to follow reasonable procedures to assure maximum possible accuracy.

33. Upon information and belief, HireRight failed to diligently and carefully verify Plaintiff's background information consistent with its duty under the FCRA.

34. Despite Plaintiff's efforts to convince Charter that the information provided by HireRight was inaccurate, Plaintiff's offer for employment as a Customer Service Representative was rescinded.

35. Upon information and belief, prior to the Adverse Decision, Charter was aware of its obligations under the FCRA but failed to comply with its duties towards Plaintiff.

36. Upon information and belief, prior to the Adverse Decision, and at all times thereafter, Charter was aware of its obligations under the FCRA, but failed to comply with its duties as to Plaintiff.

37. Upon information and belief, prior to the Adverse Decision, and at all times thereafter, HireRight was aware of its obligations under the FCRA, but failed to comply with its duties as to Plaintiff.

38. Upon information and belief, prior to the Adverse Action, and at all times thereafter, HireRight was aware of its obligations under the New York FCRA, but failed to comply with its duties as to Plaintiff.

39. As a result of Defendants' violative conduct and unlawful practices, Plaintiff has sustained actual damages including, but not limited to: loss of employment wages; loss of health benefits; loss of opportunity of enjoyment of life; embarrassment within her community with family and friends due to the failure of securing employment; emotional distress and anxiety; loss of sleep; extensive time spent by Plaintiff investigating to rectify the situation; unfair adverse treatment; humiliation; out of pocket expenses to obtain, review, update and correct the inaccuracy on the report as well as time corresponding with Defendants to rectify the inaccuracy; time and expense of contacting public agencies to confirm how this information was obtained by HireRight and costs in time and money seeking new employment.

## COUNT I
### CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b).

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

41. CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and consumer files it published and maintained concerning Plaintiff.

42. Upon information and belief, CRA Defendant's conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate consumer reporting.

43. In violation of § 1681e(b), CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

44. As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

45. In violation of § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

46. CRA Defendant is liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures.

47. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

48. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and consumer files it published and maintained concerning Plaintiff.

7

## COUNT II
### Charter's Violations of the FCRA, 15 U.S.C. § 1681b(b)(3).

49. Plaintiff repeats and realleges paragraphs as if fully restated herein.

50. Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or employment applicant based on information contained in a consumer report or obtained from a consumer reporting agency, an employer must provide the employee or employment applicant with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from a consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse adverse action opportunity to dispute the accuracy or completeness of the reported information before any adverse action is taken. Pursuant to §1681a (d), the definition of a "consumer report" for purposes of the FCRA includes a criminal background check used for employment purposes. Pursuant to §1681a(k), the definition of "adverse action" for purposes of the FCRA includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee".

51. 15 U.S.C. § 1681b(b)(3)(A) requires that all persons who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal conviction record) would automatically disqualify the individual from employment or lead to an adverse employment action.

52. 15 U.S.C. § 1681b(b)(3)(B) requires all employers who use consumer reports to provide (i) notice that adverse action has been taken in whole or in part on a consumer report received from a CRA; (ii) the name, address and telephone number of the CRA that furnished the consumer report (iii) that the CRA did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and (iv) notification that the consumer may, upon providing proper identification, request a free copy of a report and may dispute the accuracy or completeness of report with the CRA.

8

53. Upon information and belief, Charter had a policy, procedure, pattern, decision, practice and custom of requesting a consumer background report containing criminal background information on all employees and employment applicants and of taking adverse employment action based on information contained in those reports without providing employee or employment applicants: (a) an adverse action disclosure containing a copy of the consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

54. Prior to the Adverse Decision, Charter willfully failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of her rights under the FCRA; and (b) an adverse action opportunity to dispute the accuracy or completeness of the information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

55. Prior to the Adverse Decision, Plaintiff was entitled to a pre-adverse action and did not receive such notice in writing.

56. Prior to the Adverse Decision, Plaintiff was entitled to a "Summary of Rights under the Fair Credit Reporting Act" and did not receive a summary of her rights upon being informed of the Adverse Decision.

57. Prior to the Adverse Decision, Plaintiff was entitled to a written or electronic adverse action notice compliant with 15 U.S.C. § 1681b(b)(3) requirements.

58. Charter's willful conduct and failure to provide Plaintiff with a pre-adverse action notice, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C § 1681n.

59. Charter's willful conduct and failure to provide Plaintiff with a sufficient notice of adverse action, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C § 1681n.

60. Charter's willful conduct and failure to provide Plaintiff with a summary of her rights under FCRA, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C § 1681n.

61. In the alternative, Charter negligently failed to provide Plaintiff with (a) a pre-

9

adverse action disclosure containing a copy of the consumer report and a description of her rights under the FCRA; and (b) an adverse action opportunity to dispute the accuracy or completeness of the information continued in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

62. In the alternative, Charter's negligent violation of 15 U.S.C. § 1681b(b)(3) has caused damages to Plaintiff for which it is liable under 15 U.S.C. **§** 1681o.

63. For the foregoing reasons, in violation of 15 U.S.C. § 1681b (b), Plaintiff respectfully requests that this Court award actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and § 1681o.

<u>COUNT III</u>
**CRA's Violations of the New York FCRA**

64. Plaintiff repeats and realleges paragraphs as if fully restate herein.

65. Pursuant to NY FCRA § 380-j(a) no consumer reporting agency shall report or maintain in the file on a consumer, information: (1) relative to an arrest or criminal charge unless there has been a criminal conviction for such offense, or unless such charges are still pending, (2) relative to a consumer's race, religion, color, ancestry or ethnic origin, or (3) which it has reason to know is inaccurate.

66. Pursuant to NY FCRA § 380-J(e) a consumer reporting agency shall maintain reasonable procedure designed to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

67. On or around September 2023, HireRight disseminated false and inaccurate information about Plaintiff to Charter in relation to Plaintiff background check for employment purposes.

68. As a result of HireRight's dissemination of the background report, Plaintiff was denied employment by Charter based on the alleged pending warrants.

69. Prior to the Adverse Decision, and at all times thereafter, Plaintiff did not have any warrants or active warrants relating to her background history.

10

70. Prior to the Adverse Action, and at all times thereafter, Plaintiff's report was inaccurate as shared with Charter.

71. As part of the inaccurate disseminated information, Plaintiff was unable to begin employment with Charter and was adversely affected.

72. Upon information and belief, HireRight knew or should have known that section 380-j(a) of the NY FCRA prohibited (and prohibits) them from compiling, maintaining in their files on any consumer, or reporting to any user for employment purposes any information about any consumer's convictions or pending convictions, and that it was therefore unlawful for HireRight to compile, maintain or report false information on its consumer reports.

73. As such, the CRA Defendant's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the court and attorney's fees pursuant to NY FCRA § 380-L.

74. At a minimum, CRA Defendant's conduct was negligent in that it failed to use reasonable care and diligence in its diligence in its discharge of the obligations owed to the consumer, rending it liable for actual damages and attorneys' fees pursuant NY FCRA § 380-m.

75. As a direct result of the above violations of the NY FCRA by CRA Defendant, Plaintiff has suffered actual damages as stated above.

## JURY DEMAND

76. Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

a. Adjudging that Defendants' actions violated the FCRA and NY FCRA;
b. Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);
c. Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

e   Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

f   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g   Such other and further relief as the Court determines is just and proper.

DATED: June 14, 2024

**SANDERS LAW GROUP**

By: */s Nicola C. Richards*
Nicola C. Richards, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: nrichards@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7614
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 129834